NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANCHEZ MADERA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No.: 2:15-cv-7619 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Plaintiff Jose Sanchez Madera's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental social security income ("SSI") under § 1614(a)(3)(A) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed in part and vacated in part and the matter is remanded for further proceedings consistent with this Opinion.

## II. BACKGROUND

### A. Procedural Background

Plaintiff applied for SSI on August 22, 2012, alleging disability as of June 15, 2008. Tr.[1] at 29. The applications were denied initially on February 25, 2012, and upon reconsideration on February 26, 2013. *Id.* A hearing was held before ALJ L. Rogall on January 17, 2014. *Id.* ALJ

---

[1] "Tr." refers to the certified record of the administrative proceedings. ECF No. 7.

1

Rogall issued a decision on April 15, 2014, finding Plaintiff was not disabled, as defined by the SSA. *Id.* at 38 (citing 20 C.F.R. § 416.920(g)). Plaintiff requested review of the decision and the Appeals Council denied the request on August 25, 2015. Tr. at 1. On October 20, 2015, Plaintiff instituted this action. ECF No. 1.

### B. Factual Background

Plaintiff was born on September 12, 1974. Tr. at 134. Plaintiff has completed his GED, *id.* at 307, is divorced, and currently lives alone in an apartment. *Id.* at 48-49. Plaintiff has work experience as a clerk in various factories and as a server in a bakery. *Id.* at 307. Plaintiff testified he last worked in a factory, and stopped working because of panic attacks, anxiety, and depression. *Id.* at 34. Plaintiff testified that he hears voices which tell him to attack other people, that he has never acted upon these voices, but that they frighten him. *Id.*

In December 2011, Plaintiff was hospitalized with suicidal ideation. *Id.* Plaintiff was discharged with medication and was diagnosed with schizoaffective disorder bipolar type and a global assessment functioning ("GAF") of 70. *Id.* In September 2012, Plaintiff was examined by psychological consultative examiner Paul Fulford, Ph.D. *Id.* at 35. Dr. Fulford diagnosed Plaintiff with alcohol abuse in full remission, drug use in early full remission, and major depression with a GAF of 60. *Id.* At this examination, Plaintiff also reported auditory hallucinations of a command nature. *Id.* In November 2012, Plaintiff was admitted to the Community Psychiatric Institute with schizoaffective disorder and a GAF of 45. *See id.* at 435.

In September 2012, Plaintiff underwent an internal consultative examination with Dr. Ramhbai Patel. *Id.* at 35. Dr. Patel diagnosed Plaintiff with obesity, uncontrolled hypertension, hyperlipidemia, seizer disorder, anxiety, and depression. *Id.* Dr. Patel noted Plaintiff's gait was normal without any walking device and there were no gross sensory or motor deficits. *Id.* In

December 2012, Plaintiff underwent a second internal consultative examination with Dr. Rahel Eyassu. *Id.* Dr. Eyassu diagnosed Plaintiff with diabetes mellitus, hypertension, and severe depression, but the physical examination was otherwise unremarkable. *Id.* at 35-36. In November 2013, Plaintiff underwent an examination by Dr. Frank Ostella, who completed a questionnaire regarding Plaintiff's mental impairments. *Id.* at 36. Dr. Ostella indicated Plaintiff suffered from auditory hallucinations, paranoia, and insomnia. *Id.* at 491. Dr. Ostella opined Plaintiff was "seriously limited, but not precluded," "unable to meet competitive standards," or had "no useful ability to function" in each work related skill on the questionnaire. *See id.* at 493-94.

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting

3

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

B.  **Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

## C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. Id. Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. Id. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. *Id.* Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the application date. Tr. at 31. At steps two and three, the ALJ found Plaintiff's impairments of depression, schizoaffective disorder, Type II diabetes mellitus, and obesity were "severe," but not severe enough to meet, either individually

or in combination, any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* at 31-33.

The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of light work as defined in 20 C.F.R. § 416.967(b), except he was limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few workplace changes, and with only occasional contact with the public, co-workers, or supervisors. *Id.* at 33. To make this conclusion, the ALJ considered all of Plaintiff's symptoms and their consistency with the evidence. *Id.* Specifically, the ALJ considered Plaintiff's testimony of his personal, medical, and professional history. *Id.* at 34. As for mental impairments, the ALJ took into consideration Plaintiff's brief hospitalization in 2011, the psychological consultative examination with Dr. Paul Fulford, and records from the Community Psychiatric Institute. *See id.* at 34-35. The ALJ noted "[t]he record contains little by way of any physical impairments," but took into consideration the reports by internal consultative examiners Dr. Rambhai Patel and Dr. Rahel Eyassu, and reports by Dr. Vincente Lim and Dr. Frank Ostella. *See id.* 35-36. The ALJ concluded that Plaintiff's diabetes and documented obesity warranted a limitation to light work, but that Plaintiff's mental impairments were not as severe as he described. *Id.* at 36.

At step four, the ALJ found Plaintiff was incapable of performing past relevant work as a worker in an assembly line, maintenance, upholstery, or bakery. *Id.* at 37. At step five, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ identified these jobs as: silver wrapper and night cleaner. *Id.*

## B. Analysis

Plaintiff makes the following arguments in support of his contention that the ALJ's decision should be remanded: (1) the ALJ failed to consider and explain his reasons for discounting all of the evidence relating to Plaintiff's spinal impairments, and (2) the ALJ should not have found Plaintiff capable of light work. The Court will address each argument in turn.

### 1. Plaintiff's Spinal Impairments

Plaintiff alleges that at step two, the ALJ "fails to discuss documented lumbar spine impairments," and that this error influenced the RFC analysis. ECF No. 10 at 26-27. Plaintiff states that he underwent MRI testing of his lumbar spine in February 2013, and in May 2014 he was diagnosed with low back pain, lumbar herniated discs, and diabetes. *Id.* However, the reports Plaintiff cites to support his claim of severe spinal impairments appear to have been made part of the record by the Appeals Council *after* the ALJ issued his decision in April 2014. *See id.* at 6, 38. The ALJ, therefore, would not have had the opportunity to consider this medical evidence. To the extent the record is unclear as to whether the ALJ did have the records Plaintiff relies upon before him, the Court cannot provide meaningful review of the ALJ's consideration of this evidence. On remand, the ALJ should clarify which records he considered in his decision, whether the documents Plaintiff references were before him, and if so to what extent, if any, they impact his decision.

### 2. The ALJ's RFC Analysis was Supported by Substantial Evidence

Plaintiff argues the ALJ did not discuss his reasons for discounting all of the pertinent evidence in making his RFC determination, and appears to argue the ALJ should have adopted the opinion of Dr. Ostella, that Plaintiff was unable to meet the quality standards for productivity on a sustained basis and would be unemployable. ECF No. 10 at 31.

"In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." *Plummet v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (internal citation omitted). Under the substantial evidence standard of review, the issue is whether sufficient evidence reasonably supports the ALJ's analysis, not whether the evidence could support a different finding. *See Logan v. Colvin*, No. 14-4571, 2015 WL 5722391, at *7 (D.N.J. Sept. 29, 2015) (finding "[t]he role of the District Court in reviewing an ALJ's denial of disability benefits is not to reweigh the evidence presented, but instead to determine whether the ALJ made a decision supported by substantial evidence"). Plaintiff here appears only to argue the ALJ should have interpreted the medical evidence differently.

The Court finds the ALJ's assessment was supported by substantial evidence. Here, the ALJ explained that Dr. Ostella indicated he had only met Plaintiff on one occasion prior to completing the evaluation and "no mental status examination [was] included." *Id.* at 36. The ALJ noted Dr. Ostella indicated Plaintiff had an adequate response to medication management, the "limitations opined" by Dr. Ostella were "inconsistent with other evidence of record and with [Plaintiff's] own testimony," and that because the date of the evaluation was in November 2012, it "does little to help establish functioning at or near the alleged onset date."[2] *Id.* Moreover, the

---

[2] With respect to the alleged onset date, the Court notes the ALJ first explains Plaintiff alleged disability as of June 15, 2008. Tr. at 29. Later on in the decision, the ALJ refers to August 2012 as the "alleged onset date." *Id.* at 35. However, Plaintiff has waived any argument based on this issue because it was not raised on appeal. *See Folger v. Comm'r of Soc. Sec.*, 16-1487-JLL 2017

8

ALJ stated that the severity of Plaintiff's alleged mental impairments is contradicted by the fact that he lives independently, and evaluations repeatedly showed him to be capable of adequate social behavior. *Id.* at 36-37. The ALJ further provided limitations for Plaintiff's impairments in concentration. *Id.* Accordingly, the Court finds the ALJ's RFC evaluation to be supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the Court will affirm in part and vacate in part the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion. An appropriate order accompanies this Opinion.

DATED: April 28, 2017

                                               **CLAIRE C. CECCHI, U.S.D.J.**

---

U.S. Dist. LEXIS 12253, *47 (D.N.J. Jan. 30, 2017) (citing *Knepp v. Apfel*, 204 F.3d 78, 84 (3d Cir. 2000)).